Case No. 1:17-cv-00667-RBJ    Document 3    filed 03/14/17    USDC Colorado    pg 1
of 10
Case 2:16-cv-01659-JEO    Document 1    Filed 10/10/16    Page 1 of 10

FILED
2016 Oct-11  PM 01:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JENNY LEE STEPHENS, on Behalf of | ) | |
| Herself and All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| AIR METHODS CORPORATION and | ) | |
| ROCKY MOUNTAIN | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Jenny Lee Stephens brings this action against Defendants Air Methods Corporation and Rocky Mountain Holdings, LLC on behalf of herself and all others similarly situated pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

## PARTIES

1.     Plaintiff Jenny Lee Stephens is an adult resident of Calhoun County, Alabama.

2.     Defendant Air Methods Corporation ("Air Methods") is incorporated under the laws of Delaware with its principal place of business in Colorado.

3.     Defendant Rocky Mountain Holdings, LLC, ("Rocky Mountain;" together with Air Methods, the "Defendants") is a limited liability company organized under the laws of Delaware with a principal place of business in Ohio.

## JURISDICTION AND VENUE

Case No. 1:17-cv-00667-RBJ    Document 3    filed 03/14/17    USDC Colorado    pg 2
of 10
Case 2:16-cv-01659-JEO    Document 1    Filed 10/10/16    Page 2 of 10

4.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

1332(d), the class contains members of diverse citizenship from Defendants, and the amount in

controversy exceeds $5 million.

5.    Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2), since the cause

of action arose in this District.

6.    The Court has personal jurisdiction over Defendants because Defendants conduct

business in Alabama and in this district.

**FACTS RELATED TO THE NAMED PLAINTIFF**

7.    Stephens was a passenger in a vehicle which was involved in an accident in

Calhoun County, Alabama.

8.    The accident occurred on or about April 19, 2016.

9.    Anniston Emergency Ambulance Service responded to the call.

10.    At the scene, Anniston Emergency Ambulance Service decided to call in a

medevac helicopter to transfer Stephens to Birmingham.

11.    The Defendants' helicopter responded to the call.

12.    Stephens was unconscious at the time the decision was made to fly her to

Birmingham.

13.     No oral or written contract was agreed upon by Plaintiff and Defendants.

14.    Stephens traveled the 59 miles from Anniston to Birmingham in the Defendants'

helicopter.

15.    Stephens is a subscriber of Blue Cross Blue Shield of Alabama ("Blue Cross").

16.    The Defendants are outside of Blue Cross's network.

17.    The Defendants sent Stephens an invoice, attached hereto as Exhibit A.

Case No. 1:17-cv-00667-RBJ    Document 3    filed 03/14/17    USDC Colorado    pg 3
of 10
Case 2:16-cv-01659-JEO    Document 1    Filed 10/10/16    Page 3 of 10

18.    The invoice totaled $51,898.71 which included a $28,927.65 charge for the

helicopter and an additional $22,971.06 for the milage.  Ex. A.

19.    This charge exceeds the going-market-rate for helicopter rentals or any

reasonable amount the Defendants could charge in an arm's-length transaction.

20.    The Defendants informed Stephens:

Your insurance provider has not paid this claim. We will continue to pursue your
insurance for payment on your behalf, but we ask that you contact your insurance
to potentially prevent a denial of your claim. Unfortunately, if your claim is denied
the full balance of this account would become your financial responsibility. Se
Habla Espanol.

Ex. A.

21.    Blue Cross reimbursed Stephens only $9,419 for this charge.

## FACTS RELATED TO THE CLASS

22.    The facts alleged above concerning Stephens's treatment and transport are

representative of the Defendants' normal business practices.

23.    For trauma  patients like Stephens, first responders or other emergency

personnel determine whether  the patient needs a helicopter for emergency travel to the

hospital.

24.    As such, no written contract is established between the patient and the

Defendants.

25.    Instead of charging patients a uniform, customary, and reasonable rate under the

quasi-contract, Defendants seek to charge higher prices that bear no reasonable relationship to

the services rendered or what is customarily charged for the services.

26.    On information and belief, these prices and charges are generally many times the

actual cost of providing care.

27.     By forcing this  pricing  scheme  upon Stephens  and other  patients  without

Case No. 1:17-cv-00667-RBJ    Document 3    filed 03/14/17    USDC Colorado    pg 4
of 10
Case 2:16-cv-01659-JEO    Document 1    Filed 10/10/16    Page 4 of 10

their knowledge, Defendants breached its duty to charge reasonable rates for services, breached

its covenant of good faith and fair dealing, or were unjustly enriched at the expense of the

putative class.

28.    Defendants conceal their pricing structure by failing to enter into preferred

provider contracts with managed care companies, and require patients to pay the bill in full and

seek reimbursement from their insurance companies.

29.    Defendants do not negotiate rates with patients, and instead imposes excessive

charges that bear no reasonable relationship to the cost of the services rendered.

30.    The decision by Defendants to charge inflated prices is not supported by any

rational pricing analysis.

31.    Instead, the prices charged to Stephens and members of the class are the result of

Defendants' policy of establishing an inflated pricing scheme and refusing to discount prices to

those who have no ability to negotiate.

32.    On information and belief, the amount sought by Defendants exceeds the

"uniform, customary, and reasonable amount" typically charged for transport.

33.    The amount charged does not represent reasonable value of services rendered and

is excessive.

## **CLASS ACTION ALLEGATIONS**

34.    Stephens bring this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal

Rules of Civil Procedure on behalf of a Class of all persons similarly situated, defined as follows:

> All patients who have received emergency medical transport by Defendant from a
> location in Alabama, Florida, Georgia, Mississippi, or Tennessee to a hospital
> during the period of three (3) years prior to the commencement of this action.

35.    Stephens reserves the right to amend this class definition or bring appropriate

subclasses if necessary.

Case No. 1:17-cv-00667-RBJ    Document 3    filed 03/14/17    USDC Colorado    pg 5
of 10
Case 2:16-cv-01659-JEO    Document 1    Filed 10/10/16    Page 5 of 10

36.     The members of the class are so numerous that the joinder of all members is impractical.  While the exact number of Class members is unknown to Plaintiff at this time, based on information and belief, it is in the thousands.

37.     There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

- whether the agreements between Defendants and members of the Class constituted enforceable contracts;

- whether members of the Class were charged prices by for services rendered in the subject states that violated the implied contracts between Defendants and members of the Class;

- whether members of the Class were charged prices by Defendants in the subject states that were so high as to be unreasonable and unconscionable;

- whether Defendants have been unjustly enriched by charging members of the Class unreasonably high rates for services and materials;

- whether Defendants breached a contractual relationship with Stephens and members of the Class, including breach of the covenant of good faith and fair dealing, by charging members of the Class exorbitant and unreasonable prices for medical services;

- whether Stephens and members of the Class are entitled to restitution of overcharges collected by Defendants;

- whether the  Court should grant injunctive  relief to members of the  Class to prevent the continuation of the foregoing acts and conduct of Defendant;

- whether Stephens and other Class Members are entitled to punitive damages for  this unlawful conduct; and

- whether Stephens and the Class Members sustained damages and the proper measure of damages.

38.     Stephens's claims are typical of those of other Class members because Stephens was transported by Defendants to a hospital.

39.     Stephens  will  fairly  and  adequately  represent  and  protect  the  interests  of  the

Case No. 1:17-cv-00667-RBJ    Document 3    filed 03/14/17    USDC Colorado    pg 6
of 10
Case 2:16-cv-01659-JEO    Document 1    Filed 10/10/16    Page 6 of 10

members of the Class.

40.    Stephens's Counsel are competent and experienced in litigating class actions.

41.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

42.    Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of law would go unremedied.

43.    Defendants have acted or refused to act on grounds that apply generally to the class, as alleged above, and certification is proper under Rule 23(b)(2).

## CLAIMS

### I.    BREACH OF IMPLIED CONTRACT

44.    Stephens adopts the allegations of Paragraphs 1–42 as if fully restated herein.

45.    Prior to the receipt of services, no negotiation of contract terms took place and Stephens and Defendants did not enter into either a written or oral agreement on the terms of any contract, particularly the price term.

46.    Prior to sending Stephens and members of the putative class a bill, Defendants never disclosed the rates it intended to charge for its services. As these agreements contained an undefined price term, they constituted an implied contract, and Defendants were obligated to charge the fair and reasonable value of the services and materials it provided to Stephens and each member of the Class.

47.     Instead of charging Stephens and members of the Class the fair and reasonable value of its services and materials, Defendants breached the implied contracts, including breach of the covenant of good faith and fair dealing, by charging the inflated prices that bear no reasonable relationship to the services rendered.

48.     By any measure, the prices charged by Defendants to Stephens and members of the Class for hospital services were unreasonable. These prices far exceed the amounts paid by third-party payors, including the "uniform, customary, and reasonable" amount paid by health insurance companies and the amount paid by Medicare and Medicaid for the same services.

49.     As a result of Defendants' breach of the implied contracts, Stephens and members of the Class have incurred damages in the amount of the overcharges levied by Defendants.

50.     Wherefore Stephens demands judgment for herself and all others similarly situated for compensatory damages, punitive damages, attorneys' fees, costs of court, reimbursement of reasonable expenses, and any other legal or equitable remedy the Court deems just.

## II.    UNJUST ENRICHMENT

51.     Stephens adopts the allegations of Paragraphs 1–42 as if fully restated herein.

52.     The Defendants have charged and received fees from Stephens and others similarly situated above and beyond those they are entitled to receive.

53.     The members of the putative class conferred the benefit to the Defendants under misapprehension of a right or duty.  The Defendants obtained these payments by fraud, coercion, or abuse of a confidential relationship.  The Court cannot equitably and in good conscience allow the Defendants to be thusly enriched at the expense of Stephens and the putative class.

54.     Wherefore Stephens demands judgment for herself and all others similarly situated for compensatory damages, punitive damages, attorneys' fees, costs of court, reimbursement of

reasonable expenses, and any other legal or equitable remedy the Court deems just.

### III.    CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

55.    Stephens adopts the allegations of Paragraphs 1–42 as if fully restated herein.

56.    Stephens is a person interested under the quasi-contract with Defendants and may bring this action the legal rights arising under that quasi contract.

57.    The quasi-contract between Stephens and Defendants, like the quasi-contract between members of the putative class and Defendants, do not contain a defined price term, which is necessary to the formation of an enforceable contract. As such, Stephens seek an order from the Court that the purported bills submitted by Defendants to Stephens and the putative class members are unenforceable contracts because of the lack of mutuality.

58.    In the absence of an enforceable contract, Defendants are entitled to receive the fair and reasonable value of the benefits bestowed upon members of the putative class. The charges billed by Defendants to members of the putative class greatly exceeded the reasonable value of the benefit bestowed. As a result, Defendants have been unjustly enriched by the overcharges it has levied against members of the putative class through the unlawful acts alleged in this Complaint.

59.    Stephens and members of the putative class seek the disgorgement of Defendants' illicit profits, and restitution in the amount of excess charges levied by Defendants and other relief as set forth in the prayer below.

60.    As a result of Defendants' improper, and unconscionable charging practices as described above, Stephens and all members of the putative class have suffered, and will continue to suffer, severe and irreparable harm and injury.

61.    Accordingly, Stephens and members of the putative class respectfully ask the Court

to enter a preliminary and permanent injunction ordering Defendants to cease and desist its practice of charging customers unconscionable and/or unreasonable prices for medical care, at rates far in excess of rates that are uniform, customary, and reasonable.

62.    Stephens and members of the Class further seek a prospective order from the Court requiring Defendant to: (1) cease the charging of unreasonable rates patients; and (2) to cease its attempts to collect outstanding medical bills beyond what are reasonable charges from members of the Class.

63.    In addition, Stephens respectfully requests an order granting attorneys' fees, costs of court, reimbursement of reasonable expenses, and any other legal or equitable relief the Court deems just under the circumstances.

## REQUEST FOR JURY TRIAL

Plaintiff, on behalf of herself and the Class, requests trial by jury on all claims so triable.

Respectfully Submitted,

/s/ *Andrew P. Campbell*
Attorney for Plaintiff

**OF COUNSEL:**
Andrew P. Campbell
Stephen D. Wadsworth
CAMPBELL, GUIN, LLC
505 20th Street North, Suite 1600
Birmingham, AL 35203
Telephone: (205) 224-0750
andrew.campbell@campbellguin.com
stephen.wadsworth@campbellguin.com

Arthur F. Fite
The Fite Law Firm, LLC
P. O. Box 368
Anniston, AL 36202
256-231-9330
256-231-4518 - fax
arthur@fitelawfirm.com

**PLEASE SERVE THE FOLLOWING DEFENDANT(S) BY CERTIFIED MAIL:**

AIR METHODS CORPORATION
c/o CT Corporation System
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104

ROCKY MOUNTAIN
c/o CT Corporation System
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104